IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


MELVIN McMILLIAN,                        :
                                         :
        Petitioner.                      :
                                         :
vs.                                      :        CIVIL ACTION 11-0005-WS-M
                                         :
BILLY MITCHEM,                           :
                                         :
        Respondent.                      :


REPORT AND RECOMMENDATION


        This is an action under 28 U.S.C. § 2254 by an Alabama

inmate which was referred for report and recommendation pursuant

to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8

of the Rules Governing Section 2254 Cases.  This action is now

ready for consideration.  The state record is adequate to

determine Petitioner's claims; no federal evidentiary hearing is

required.[1]  It is recommended that the habeas petition be denied

and that this action be dismissed.

        Petitioner was convicted of murder in the Circuit Court of

Mobile County on May 9, 2007 for which he received a sentence of

life in the state penitentiary (Doc. 7, p. 2; *cf*. Doc. 17, p.

_____
        [1]Petitioner seeks the appointment of counsel as well as an
evidentiary hearing (Doc. 7, 20).  Neither are necessary, so both
motions are DENIED.

                                    1

1).  Appeal was made to the Court of Criminal Appeals of Alabama
which affirmed the conviction and sentence (Doc. 17, Exhibit C).
Petitioner's application for rehearing was overruled (Doc. 17,
Exhibits F); his petition for *certiorari* was denied (*see* Doc.
17, p. 2).  A certificate of judgment was issued on March 6,
2009 (Doc. 17, Exhibit G).

McMillian filed a State Rule 32 Petition on September 15,
2009 which was dismissed (*see* Doc. 17, p. 2).  The Alabama Court
of Criminal Appeals affirmed the dismissal (Doc. 17, Exhibit J).
Petitioner did not seek *certiorari* (*see* Doc. 17, p. 2).  A
certificate of judgment was issued on July 7, 2010 (Doc. 17,
Exhibit K).

Petitioner filed a habeas complaint with the United States
District Court for the Northern District of Alabama on December
6, 2010 (Doc. 1); the action was transferred to this Court
(Docs. 4-5).  At the direction of this Court, McMillian
completed a § 2254 petition on this Court's form in which he
raised the following claims:  (1) Perjured testimony was used
against him; (2) there is a variance between the indictment and
the evidence provided at trial; (3) the trial judge did not give
requested jury charges; (4) his conviction was obtained through
the use of hearsay evidence; (5) the prosecutor made prejudicial
statements; and (6) Petitioner's appellate counsel rendered

ineffective assistance (Doc. 7; *cf.* Doc. 20, pp. 11-12).

Respondent has asserted that McMillian's claims are, mostly, all procedurally defaulted. A United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), has discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).

The Alabama Court of Criminal Appeals, in reviewing the dismissal of Petitioner's Rule 32 petition, held that the claims raised therein were procedurally defaulted or insufficiently pled (Doc. 17, Exhibit J). More specifically, the appellate court found that claims one, two, three, and five, raised in this petitioner, were procedurally defaulted under Ala.R.Crim.P. 32.2(a).[2] These four claims are procedurally defaulted in this Court.

The Court further notes that the Alabama Court of Criminal

---

[2]**Error! Main Document Only.**"A petitioner will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b)." Ala.R.Crim.P. 32.2(a)(3).

3

Appeals also found that claim six, raised in this petition, was defaulted under Ala.R.Crim.P. 32.6(b).[3]  This Court, in *Reed v. Jones*, 2000 WL 1848148, at *5-6 (S.D. Ala. 2000), held that claims not addressed by the state courts on the basis of Ala.R.Crim.P. 32.6(b) are procedurally defaulted.  As the Alabama Court of Criminal Appeals did not address the merit of this claim because it was barred from consideration under State procedural rules, this Court finds that it is procedurally defaulted under *Harris*.

Respondent has also asserted that Petitioner did not seek *certiorari* in the Alabama Supreme Court following the Alabama Court of Criminal Appeals' affirmance of the dismissal of his Rule 32 petition (Doc. 17, p. 3).  The Court notes that Petitioner has made no mention of seeking rehearing of the dismissal of his appeal by the Alabama Court of Criminal Appeals or *certiorari* in the Alabama Supreme Court (Docs. 7, 20).  Alabama law clearly provided Petitioner the opportunity to seek review of a Rule 32 petition dismissal by the Alabama Court of Criminal Appeals after that court has denied a motion for

---

[3]**Error! Main Document Only.**"The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."  Ala.R.Crim.P. 32.6(b).

4

rehearing.  Ala.R.App.P. 39(a); *see also, e.g., Ex parte Powell*,

674 So.2d 1258 (Ala. 1995) (Alabama Supreme Court granted

*certiorari* to review Alabama Court of Criminal Appeals'

determination that appellant's Rule 32 petition was untimely

filed).  The fourteen-day time period in which Petitioner could

pursue this avenue of relief has passed.  *See* Ala.R.App.P.

39(c).  Because Petitioner did not pursue this claim in a timely

fashion before the Alabama Supreme Court, it is procedurally

defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)

("[W]e conclude that state prisoners must give the state courts

one full opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate

review process").  All of the claims, except for the fourth,

raised in this habeas petition are defaulted under *O'Sullivan*.

However, where the state courts have found claims of a

petitioner to be procedurally defaulted and those courts have

refused to address the merits of those claims, as is the case

here, all chance of federal review is not precluded.  The

Eleventh Circuit Court of Appeals, in addressing the review of

these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72,
> 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its
> progeny, noncompliance with a state
> procedural rule generally precludes federal

> habeas corpus review of all claims as to
> which noncompliance with the procedural rule
> is an adequate ground under state law to
> deny review.  If a petitioner can
> demonstrate both cause for his noncompliance
> and actual prejudice resulting therefrom,
> however, a federal court can review his
> claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these five claims in a timely manner in the State courts.  Furthermore, McMillian has not shown that this Court's failure to discuss the merit of these five claims will result in a fundamental miscarriage of justice being visited upon him.  Therefore, the Court considers claims one, two, three, five, and six in this Court to be procedurally defaulted and the Court will not address their merit.

Petitioner's remaining claim is that his conviction was obtained through the use of hearsay evidence.  More specifically, McMillian objects to statements made by Tonya McMillian (Doc. 7, pp. 44-45).

The Court notes that the Alabama Court of Criminal Appeals addressed this claim in the direct appeal of Petitioner's conviction, finding no merit in it (Doc. 17, Exhibit C, pp. 3-6). The Court further notes that federal courts, in evaluating habeas petitions, exercise only limited review of state evidentiary objections. *Amadeo v. Kemp*, 816 F.2d 1502, 1504 (11th Cir. 1987), *rev'd on other grounds sub nom. Amadeo v. Zant*, 486 U.S. 214 (1988). For a claim of this kind to be cognizable, the defendant must have been deprived of fundamental fairness. *Jameson v. Wainwright*, 719 F.2d 1125, 1127 (11th Cir. 1983) (per curiam), *cert. denied*, 466 U.S. 975 (1984). To determine if fundamental fairness has been denied, a federal court decides whether the evidence is "material in the sense of a crucial, critical, highly significant factor." *Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir.),[4] *cert denied sub nom. Hills v. Maggio*, 429 U.S. 850 (1976).

The Court has reviewed the appellate court's discussion of this claim (Doc. 17, Exhibit C, pp. 3-6) and finds it well reasoned and supported by applicable, relevant Alabama law. The Court further notes that Petitioner has brought nothing to this

---

[4]The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Court's attention which would lead it to think that he was denied a fundamentally unfair trial because of the evidentiary decision. McMillian's claim is without merit.

In summary, Petitioner has raised six claims in bringing this action. Five of those claims are procedurally defaulted; the other is without merit. Therefore, it is recommended that this action be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Billy Mitchem and against Petitioner Melvin McMillian.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied on procedural grounds without reaching the merits of the underlying

constitutional claims, "a COA should issue [only] when the
prisoner shows . . . that jurists of reason would find it
debatable whether the petition states a valid claim of the
denial of a constitutional right and that jurists of reason
would find it debatable whether the district court was correct
in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484
(2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003)
("Under the controlling standard, a petitioner must 'sho[w] that
reasonable jurists could debate whether (or, for that matter,
agree that) the petition should have been resolved in a
different manner or that the issues presented were "adequate to
deserve encouragement to proceed further."'"). When the merits
of a claim are reached, a COA should issue only when the
petitioner demonstrates "that reasonable jurists would find the
district court's assessment of the constitutional claims
debatable or wrong." *Slack*, 529 U.S. at 484.

Here, McMillian procedurally defaulted on five of his six
raised claims; the other is without merit. As such, the Court
suggests that a reasonable jurist would not conclude either that
this Court is in error in dismissing the instant petition or
that McMillian should be allowed to proceed further. *Slack*, 529
U.S. at 484 ("Where a plain procedural bar is present and the
district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further;" "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS<br>AND RESPONSIBILITIES FOLLOWING RECOMMENDATION<br>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a matter

excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 1st day of August, 2011.

s/BERT. W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

11