IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MELVIN McMILLIAN, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION 11-0005-WS |
| BILLY MITCHEM, | ) |
| Respondent. | ) |

**ORDER**

This closed habeas matter comes before the Court on petitioner's Application for Certificate of Appealability (doc. 25) and Motion for Order Granting Leave to Proceed on Appeal *In Forma Pauperis* (doc. 26).

On August 16, 2011, the undersigned entered an Order (doc. 23) and Judgment (doc. 24) denying petitioner Melvin McMillian's Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. That Order adopted a Report and Recommendation (doc. 21) in which the Magistrate Judge recommended that McMillian's habeas petition be denied because five of his asserted grounds for relief were procedurally defaulted and his sixth ground (use of hearsay evidence at trial) was meritless because the defendant was not deprived of a fundamentally fair trial by the admission of such evidence, and the state appellate court's decision on that claim was well reasoned and well supported by applicable law.

The August 16 Order specifically determined that McMillian was not entitled to a certificate of appealability ("COA") or to appeal *in forma pauperis*. Notwithstanding that ruling, McMillian now seeks both a COA and *in forma pauperis* status on appeal. He has come forward with no viable basis for disturbing or reconsidering this Court's prior rulings on these issues.

A petitioner is entitled to a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Darling v. Secretary, Dep't of Corrections*, 619 F.3d 1279, 1282 (11th Cir. 2010) (citation omitted). Petitioner has not come forward with any showing that jurists of reason could disagree that five of his claims are procedurally defaulted and that the sixth concerns an evidentiary ruling that did not render his trial fundamentally unfair so as to entitle him to habeas relief. For that reason, and for the reasons stated herein and on pages 8 through 10 of the Report and Recommendation, the Court finds that McMillian has failed to make the requisite showing that the issues presented are adequate to deserve encouragement to proceed further.

Similarly, even if a petitioner is economically eligible, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous.[1] The Court **certifies** that McMillian's appeal from the denial of his § 2254 petition is plainly frivolous for the reasons stated above and in the Report and Recommendation, as adopted.

For all of the foregoing reasons, the Application for Certificate of Appealability (doc. 25) and Motion for Order Granting Leave to Proceed on Appeal *In Forma Pauperis* (doc. 26) are **denied**.

DONE and ORDERED this 26th day of September, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).